

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. A. Belger
County Auditor
Travis County
Austin, Texas

Dear Sir:

Opinion No. 0-5609
Re: Authority of county tax
assessor-collector and
his deputies to administer
oaths in connection with
the affidavits required by
Sections 27 and 33 of the
Certificate of Title Act
(Article 1436-1 V.A.P.C.)

Your opinion request of October 15, 1943, reads as follows:

"At the request of Mr. S. D. Haffington, Assessor and Collector of Taxes, of Travis County, Texas, I respectively ask that you give me an opinion on the following questions:

"(1)  Whether or not a duly qualified Assessor and Collector of Taxes, or his Deputies, are authorized to administer oath on application for Certificate of Title for any motor vehicle.

"(2)  Whether or not a duly qualified Assessor and Collector of Taxes, or his Deputies, are authorized to administer oath on assignment of Certificate of Title to motor vehicles."

Section 27 of the Certificate of Title Act provides:

TON IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J. A. Belger, Page 2

"Sec. 27. Before selling or disposing of any motor vehicle required to be registered or licensed in this State on any highway or public place within this State, except with dealer's metal or cardboard license number thereto attached as now provided by law, the owner shall make application to the designated agent in the county of his domicile upon forms to be prescribed by the Department for a certificate of title for such motor vehicle." (Emphasis added)

Section 33 of the same Act reads as follows:

"Sec. 33. No motor vehicle may be disposed of at subsequent sale unless the owner designated in the certificate of title shall transfer the certificate of title on form to be prescribed by the Department before a Notary Public, which form shall include, among such other matters as the Department may determine, an affidavit to the effect that the signer is the owner of the motor vehicle, and that there are no liens against such motor vehicle, except such as are shown on the certificate of title and no title to any motor vehicle shall pass or vest until such transfer be so executed." (Emphasis added)

We assume that the application mentioned in Section 27 is the instrument to which your first question relates, and that the transfer mentioned in Section 33 is the object of your second question. This opinion is predicated upon such assumption and is limited to the instruments required by Sections 27 and 33.

Prior to its amendment in 1941, Article 7246a, V.A.C.S. reads as follows:

"The Assessor and Collector of Taxes, Sheriff, or Sheriff and Assessor and Collector of Taxes, are hereby authorized and empowered, to administer all oaths necessary for the dis-

Hon. J. A. Belger, Page 3

> charge of the duties of their respective of-
> fices, and to administer all oaths required
> for the transaction of business of their re-
> spective offices."

This Article was passed in 1935. Section 33 was passed in
1939 and such Section specifically requires that the transfer
described therein be executed "before a Notary Public." Con-
sequently, we held in our Opinion No. O-5577 that Section 33
contains a special provision which forms an exception to the
general provisions contained in Article 7264a and that the
latter provisions yield to the former.

In 1941, Article 7246a was amended by adding to the
above quotation a lengthy proviso which reads in part as fol-
lows:

> "provided that in counties containing a population
> of five hundred thousand (500,000) or more inhabi-
> tants according to the last preceding or any future
> Federal Census, such Assessors and Collectors of
> Taxes and their Deputies are expressly authorized
> to administer . . . any oath or affidavit covering
> any bill of sale and application for transfer of a
> motor vehicle or trailer, or application for a
> certificate of title concerning any motor vehicle
> . . ." (Emphasis added)

Since this amendment expressly covers applications for transfer
of motor vehicles and since this amendment was passed subsequent
to the passage of Section 33, we feel that the amendment governs
and controls the provisions of Section 33 to the extent indicated
therein.

Consequently, in answer to your second question, you
are respectfully advised that in counties having a population of
less than five hundred thousand, neither the tax assessor-col-
lector nor his deputies may take the affidavits required by
Section 33 of the Certificate of Title Act, but that in counties
possessing a population larger than this figure, a tax assessor-

Mr. J. A. Belger, Page 4

collector and his deputies are empowered to take such affidavits by virtue of the 1941 amendment to Article 7246a.

Section 27 contains no requirement relative either to an affidavit or to a notary public. Rather this Section merely requires that the applications be made "upon forms to be prescribed by the Department." If the Department prescribes a form which includes an affidavit, but does not designate the persons who may take such affidavits, we feel that Article 7246a empowers all tax assessors-collectors and their deputies to take such affidavits. The 1941 amendment to this Article specifically confers this power upon such officials in counties containing a population of more than five hundred thousand. We feel that the case of Harris County v. Hall, 172 S. W. (2d) 691 confirms a similar power in tax assessors-collectors and their deputies in counties having a lesser population. In this case, the Supreme Court was examining the power of a tax assessor-collector and his deputies to take affidavits under the registration statutes in force prior to the passage of the Certificate of Title Act, such statutes having required only an "affidavit" without specifying before whom such affidavits should be made. In the argument of this case, the contention was made that since the 1941 amendment specifically conferred the power to take such affidavits on tax assessors-collectors and their deputies in counties above the named population, this amendment indicated that no such power was possessed by any tax assessor-collector prior to the passage of the amendment. The Court first held that the duties of a tax assessor-collector with respect to such matters are "official duties attaching to that office" and then disposed of the above contention in the following language:

"However, we think that the assessor and collector already had that authority by virtue of Art. 7246a, prior to the above amendment . . . . That the Act of 1941 deals with the matter in more specific terms does not mean that the authority did not already exist under the broad language of the earlier statute."

Consequently, in answer to your first question, you are respectfully advised that if the Highway Department requires affidavits in connection with the applications provided for in

Hon. J. A. Belger, Page 5

Section 27 of the Certificate of Title Act, and if the Department does not designate the persons before whom such affidavits shall be taken, such affidavits may be taken by any tax assessor-collector or his deputies.

Trusting that the foregoing fully answers your inquiries, we are

Yours very truly

APPROVED OCT 19, 1943

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By R. Dean Voorhead
Assistant

RDF:fo

